[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 15, 1994 CT Page 1407 Date of Application April 15, 1994 Date Application Filed April 15, 1994 Date of Decision January 24, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket No. CR93-85985.
David Abbamonte, Esq., Defense Counsel, for Petitioner.
Jonathan C. Benedict, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
Charged with murder and three counts of attempted murder, petitioner elected trial by jury. As a result of such trial, petitioner was convicted of manslaughter in the first degree, in violation of General Statutes § 53a-55a and the maximum sentence of 20 years was imposed.
The facts underlying petitioner's conviction indicate that on January 19, 1993, in Bridgeport, petitioner and an associate confronted the victim and his companions on the street. After some verbal remarks petitioner and his associate pulled out pistols and began firing. As a result of the shooting, the victim, a thirteen year old boy was killed.
Petitioner's attorney stated that under the circumstances of the case the maximum sentence was unfair. The attorney argued that at the time of sentencing there was confusion over petitioner's prior criminal record and that a narcotics conviction which may have been considered by the judge was not verified. The attorney also argued that petitioner only received the maximum sentence because he was found not guilty of the crime of murder. The attorney stated that the sentence is inappropriate and should be reduced. CT Page 1408
The state's attorney argued that the sentence should not be reduced and that the judge would have given petitioner the maximum sentence if he had been convicted of murder. The state's attorney also argued that petitioner's record was clear and that he was on supervised home-release at the time of this homicide. It was also stated by the state's attorney that this was a drug related offense in which petitioner engaged in a preemptive strike to protect his area of operation. The shooting resulted in the death of an innocent teenage boy.
In imposing sentence the judge commented on petitioner's unsatisfactory prior conduct from the standpoint of probation. The judge also remarked on petitioner's totally negative background, his involvement with drugs and the fact that he showed absolutely no remorse for his thirteen year old victim.
The presentence investigation concluded that the seriousness of the offense outweighed any recommendations that could be made for leniency to petitioner. The sentencing judge reached the same conclusion. The situation here is similar to that in State v. Carpenter, 220, Conn. 169, 175 (1991) in which the Supreme Court said . . . "certain criminal conduct may fairly be considered as falling somewhat short of the extreme end of the murder spectrum, but be at the most extreme end of the manslaughter spectrum and deserving of the maximum punishment for that crime." Considering the factors involved in the scope of review, imposed upon the Division by Connecticut Practice Book § 942, it cannot be found that the sentence is inappropriate or disproportionate and should not be reduced.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 1409